24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Russell SMITH, Plaintiff-Appellant,
v.
A. PHILLIP and D. Love, Defendants-Appellees.
 No. 93-15993.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russell Smith appeals pro se the district court's summary judgment in favor of Las Vegas police officers A. Phillip and D. Love in Smith's 42 U.S.C. Sec. 1983 action alleging that Phillip and Love made false allegations that Smith threatened to use deadly force during a 1992 robbery. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The district court's grant of summary judgment is reviewed de novo. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). Summary judgment is proper if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Smolen, 921 F.2d at 963. If the nonmoving party bears the burden of proof at trial, he must go beyond the pleadings and present specific facts that support his contentions. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Smolen, 921 F.2d at 963.
 
 
 4
 A suit against a government employee or official in his or her official capacity is a suit against the government entity the individual represents. Kentucky v. Graham, 473 U.S. 159, 165-66 (1984). Municipalities are liable for violations of civil rights under 42 U.S.C. Sec. 1983 if such violations result from the execution of a government's policy or custom. Monell v. Department of Social Serv., 436 U.S. 658, 694 (1978).
 
 
 5
 Smith contends that the district court erred by granting summary judgment for defendants in their official capacities.[1] This contention lacks merit.
 
 
 6
 The liability of Officers Phillip and Love in their official capacity turns on the liability of the Las Vegas Metropolitan Police Department ("Metro"). See Graham, 473 U.S. at 165-66. Metro may be held liable only where Metro's policy or custom is a cause of the alleged section 1983 violation. See Monell, 436 U.S. at 694. In this case, Smith failed to allege or present any evidence that defendants were acting pursuant to Metro's policy or custom. Accordingly, summary judgment in favor of defendants in their official capacity was proper. See Smolen, 921 F.2d at 963.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief on appeal, Smith raises additional arguments not presented in his opening brief. Issues raised for the first time in an appellant's reply brief are deemed waived on appeal. See Big Country Foods, Inc. v. Board of Educ., 868 F.2d 1085, 1088 (9th Cir.1989). Appellees' motion to strike Smith's reply brief, however, is denied
 
 
 [2]
 Appellees request attorney's fees on appeal pursuant to 42 U.S.C. Sec. 1988. Under section 1988, this court may award attorney's fees to the prevailing party in a section 1983 proceeding where the appeal is frivolous, vexatious or brought to harass or embarrass the defendant. See 8 U.S.C. Sec. 1988; Elks Nat'l Found. v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991) cert. denied, 112 S.Ct. 2995 (1992). Although appellees are the prevailing party, we decline to exercise our discretion to award attorney's fees on appeal